1
2
3
4
5

IN THE UNITED STATES DISTRICT COURT

6

FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8 | ARTURO J.  GONZALEZ SR,                          No. C -10-04570(EDL)

9 |          Plaintiff,                             **ORDER GRANTING MOTION FOR**
                                                    **APPROVAL OF ATTORNEY FEES**
10 |   v.                                           **PURSUANT TO 42 U.S.C. § 406(b)**

11 | CAROLYN W.  COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY,
12
|          Defendant.
13 | _____/

14
        Pending before the Court is Plaintiff's counsel's  Motion for Approval of Attorney Fees
15
Pursuant to the Social Security Act, 42 U.S.C. § 406(b).  For the reasons set forth below, the Court
16
grants the motion.
17

**I.     Background**
18
        In 2008, Plaintiff Arturo Gonzalez applied for Social Security disability benefits.  Plaintiff's
19
application was denied initially, upon reconsideration, and by an Administrative Law Judge
20
("ALJ").  The Social Security Administration ("SSA") Appeals Council denied Plaintiff's request
21
for a review of the ALJ's decision.
22
        Plaintiff then filed a suit in this court pursuant to 42 U.S.C. § 405(g) seeking judicial review of
23
the ALJ's  decision denying his claim for disability insurance benefits.  The Court granted in part
24
and denied in part Plaintiff's motion for summary judgment, granted in part and denied in part
25
Defendant's cross motion for summary judgment, and remanded this matter to the SSA for further
26
hearing.  (Dkt. 20.)
27
        On remand, an ALJ awarded Plaintiff past due benefits as of September 2009.  (Rizzo Decl.
28
Ex. B.)  The SSA withheld 25% of Plaintiff's past due benefits ($20,146.50) in case it was required
to pay attorney's fees.  (Rizzo Decl. Ex. B.)  On May 30, 2012, the Court awarded Plaintiff $8,500

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1  in fees and $134.21 in costs under the Equal Access to Justice Act ("EAJA") pursuant to the parties'

2  stipulation. (Dkt. 26.)

3      Plaintiff was represented in district court and on remand by Barbara M. Rizzo under a

4  contingency fee agreement that provided for a fee of 25% of any past-due benefits Plaintiff might be

5  awarded.  (Rizzo Decl. ¶ 3, Ex. A.)  On June 13, 2013, Rizzo moved for attorney's fees under 42

6  U.S.C. § 406(b).  Rizzo seeks $20,146.50, which is 25% of Plaintiff's past-due social security

7  disability benefits.  Neither Defendant nor Plaintiff opposes Rizzo's motion.

8  **II.    Discussion**

9      Section 206(b) of the Social Security Act, 42 U.S.C. § 406(b), provides that an attorney

10  representing a successful claimant in a Social Security case in federal court is entitled to "a

11  reasonable fee . . . not in excess of 25 percent of the total of the past-due benefits to which claimant

12  is entitled by reason of such judgment." These fees must be offset by any award given to counsel

13  under the EAJA.  Hearn v. Barnhart, 262 F. Supp 2d 1033, 1036 (N.D. Cal. 2003) (Infante, J.).

14      The Court reviews counsel's request for fees "as an independent check" to assure that the

15  contingency fee agreement will "yield reasonable results in particular cases." Gisbrecht v. Barnhart,

16  535 U.S. 789, 807 (2002); Crawford v. Astrue, 586 F.3d 1142, 1149 (9th Cir. 2009).  The analysis

17  begins with the fee agreement, and addresses "whether the amount need be reduced, not whether the

18  loadstar amount should be enhanced." Crawford, 586 F.3d at 1149.  "The court may properly reduce

19  the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on

20  the case." Crawford, 586 F.3d at 1151.

21      The Court finds that counsel's request for fees is reasonable.  Plaintiff and counsel entered a

22  contingency fee agreement providing for a 25% fee, consistent with the statutory cap.  The SSA

23  calculated this fee to be $20,146.50.  There is no evidence that counsel's performance was

24  substandard; to the contrary, she obtained a partial grant of summary judgment and, on remand,

25  secured a decision in Plaintiff's favor.  There is also no evidence that counsel caused any delay in

26  this case.  Finally, the requested attorney's fees do not constitute a windfall.  Counsel spent 44.50

27  hours litigating this case in district court and an additional 22 hours on remand.  (Rizzo Decl. ¶ 6,

28  Ex. C.)  The attorney's fees counsel seeks would thus result in a hypothetical hourly rate of $303

1  ($20,146.50/66.5 hours), which is not only reasonable but is less than counsel's $400 hourly rate in

2  non-Social Security cases (Rizzo Decl. ¶ 2.)

3  **IV.   Conclusion**

4       The Court grants counsel's motion for approval of attorney's fees in the amount of $20,146.50.

5  After counsel receives this amount, she shall reimburse Plaintiff $8,634.21, which is the amount

6  previously paid by Defendant under the EAJA.

7       **IT IS SO ORDERED.**

8  Dated: August 1, 2013

9                                              ELIZABETH D. LAPORTE
                                               United States Chief Magistrate Judge

10

**United States District Court**
For the Northern District of California

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3